27819. ASKEW *v.* GOLDSMITH *et al.*

DECIDED SEPTEMBER 29, 1939.

*W. E. Armistead, Swift Tyler Jr.,* for plaintiff.
*Hirsch & Smith, D. F. McClatchey,* for defendants.

FELTON, J. Petitioner sued J. R. and Mrs. J. R. Goldsmith and the Capital Automobile Company for damages for personal injuries arising out of an automobile accident. The petition alleged that petitioner signed a release by which he agreed to release Mr. and Mrs. Goldsmith for $60 and other good and valuable consideration, the release being as follows: "Georgia, Henry County. For and in consideration of the sum of sixty ($60) dollars and other good and valuable consideration, we, the undersigned, do hereby release and forever discharge Mr. and Mrs. J. R. Goldsmith from any and all liability for damages by reason of personal injury and/or property damage arising out of an automobile collision occurring on Glenwood Avenue in DeKalb County, Georgia, on April 11, 1937. It is understood that liability for such damage is not hereby admitted but said sum is accepted in full and complete satisfaction of any and all claims whatsoever. In witness whereof the undersigned have hereunto set their hands and seals, this May — 1937. James Askew. (L. S.) Hollis Harper. (L. S.) Frank Brown. (L. S.)" It was alleged that the other consideration men-

tioned in the release was the following promissory note, all of which had not been paid at the time of the filing of the suit: "$266.00. Stockbridge, Ga. May 12, 1937. ——— after date I promise to pay to Mr. James Askew, or order, the sum of two hundred and sixty-six dollars. For value received. Payable in ten months. J. R. Goldsmith. (L. S.) Signed, sealed, and delivered in the presence of: Witness: Gus Owens, J. P." There was no allegation that petitioner tendered back to the defendant Goldsmith the money he received by reason of the settlement.

In the absence of a reformation of the contract it must stand or fall in its present unambiguous form. It plainly appears that the release is in the present, and took effect immediately upon its execution. Being in the present and to take effect immediately it can not reasonably be said that it was intended thereby that the actual payment of the note was to constitute the accord and satisfaction. By the terms of the release the $60 and the execution and delivery of the note constituted the accord and satisfaction, and before the plaintiff can rescind the contract he must tender to the defendants the amounts he has received under the release as well as the obligation to pay whatever remains due on the note. The release of two of the joint tort-feasors released the Capital Automobile Company. *Edmondson* v. *Hancock,* 40 *Ga. App.* 587 (151 S. E. 114).

Under the above rulings it was not error to sustain the general demurrer and to dismiss the action. It is not necessary to pass on the other questions made by the record.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*