40693.   ROWLAND v. LEWIS.

DECIDED APRIL 30, 1964—REHEARING DENIED MAY 22, 1964.

*Hewlett & Ward, Florence Hewlett Dendy,* for plaintiff in error.

*William A. Ingram,* contra.

RUSSELL, Judge. "If the tort complained of does not amount to a crime, the person injured may consent to a satisfaction and settlement thereof." *Code* § 105-1901. "A release sometimes results as an operation of law; as, when a creditor releases another who is bound jointly with or primarily to the debtor." *Code* § 20-910. It is frequently stated that a release of one joint tortfeasor releases all. *Askew v. Goldsmith,* 60 Ga. App. 718 (4 SE2d 697). Also there may be but one compensation for a single injury, *Caplan v. Caplan,* 62 Ga. App. 577 (9 SE2d 96), from which it follows that: (1) Where A is the owner of a motor vehicle driven by (a), and B is the owner of a motor vehicle operated by (b), and injuries and property damage result from a collision of the vehicles due to the negligence of (a) or (b) or both, payment by A of damages to (b) and acceptance from (b) of a release of all claims will preclude A from thereafter suing B on a cause of action growing out of the same transaction. *Giles v. Smith,* 80 Ga. App. 540 (56 SE2d 860). This is on the theory that the release purchased by A operated as a satisfaction of all of A's claims as well as those of (b). (2) Where A is the owner and operator of a motor vehicle and A-1 is the owner's insurer under a policy of automobile insurance containing a clause allowing it to make such settlement of any claim or suit as it may deem expedient, the act of A-1 in paying damages and obtaining a release of all claims in favor of itself and A, executed by B, the owner and (b) the operator of the other vehicle involved in the collision will preclude A from thereafter maintaining an action for damages against B or (b). *Aetna Cas. &c. Co. v. Brooks,* 218 Ga. 593 (129 SE2d 798); *Allstate Ins. Co. v. Hill,* 218 Ga. 430 (128 SE2d 321). See also *Folsom v. Miller,* 102 Ga. App. 232 (116 SE2d 1). This is on the theory that A, having by contract agreed for A-1 to act as his agent to effect a settlement, is bound by the terms thereof. The act of A-1 in purchasing the release is in law the act of A. None of these cases deals with the effect of a settlement and release as to a third party who is not knowingly a party thereto and who has not authorized

or ratified the settlement in such manner as to adopt it as his own act. Such a party might, under the provisions of the above cited Code sections, claim the benefit of the release by acquiescence or ratification; in such event, by making himself a party to the settlement he would be concluded by it. Until he does so the instrument is not a settlement as to him but a mere offer of settlement. "One cannot acquiesce in something of which he has no knowledge." *Dixon v. Dixon,* 97 Ga. App. 54, 58 (102 SE2d 74). Nor will mere knowledge, without acquiescence, operate as an estoppel.

The plaintiff's right of action here is in no way derivative from or dependent upon the right of action of Bartow County. Their causes of action are separate and could not have been brought in the same suit. The inclusion of the plaintiff's name in the settlement between Bartow County and the defendant was, so far as appears, a gratuitous act. It gave the plaintiff an opportunity to sell his own lawsuit if he wished for the benefits that might be obtained by him if he chose to adopt the release, but nothing appears in this record to indicate that he ever made such a choice, and he specifically states in his affidavit that he did not. Neither Bartow County nor the defendant had any right to dispose of a chose in action belonging exclusively to the plaintiff without his authorization and consent. Cf. *Foremost Dairies v. Campbell Coal Co.,* 57 Ga. App. 500 (196 SE 279). It was accordingly error for the trial court to enter up a judgment in favor of the defendants on his motion for summary judgment.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*