53860. OVERSTREET v. DOCTORS HOSPITAL et al.

BANKE, Judge.

The appellant brought this medical malpractice action to recover for injuries which she allegedly suffered, at least in part, as the result of the negligence of an emergency room physician on duty at Doctors Hospital. She sought to hold the hospital liable under the doctrine of

respondeat superior. The trial court rendered an order granting the hospital's motion for summary judgment, leaving the case pending against the emergency room physician and one other doctor. The appellant filed this direct appeal from that order.

1. The appellee, Doctors Hospital, has moved to dismiss due to the appellant's failure to obtain a certificate of immediate review and petition this court for permission to file an interlocutory appeal. The motion is denied. "Although it is true that an appeal is premature where the case remains pending, the grant of a summary judgment is an exception to the rule requiring a final judgment in order to appeal. Code Ann. § 81A-156 (h) (Ga. L. 1975, pp. 757, 759); *Whisenhunt v. Allen Parker Co.,* 119 Ga. App. 813 (168 SE2d 827)." *Indian Trail Village, Inc. v. Smith,* 139 Ga. App. 691, 693 (1) (229 SE2d 508) (1976).

2. The emergency room physician was employed by the Director of Emergency Room Services, who was under contract with the hospital to provide 24-hour staffing of the emergency room "by physicians acceptable to the hospital's requirements." The contract provided that the hospital would not "exercise any control over the means employed by the [Director] in the performance of his departmental services" and that the Director would be responsible to the hospital "as to the results of the services being consistent with the existing standards of his profession." The contract also called for the Director to establish and maintain rules and regulations to be approved by the hospital "which will insure the quality of medical care provided." The Director was entitled to the cash receipts for the services performed, with the hospital serving as agent for collection, but was guaranteed a certain fixed minimum annual amount regardless of receipts. The emergency room physicians employed by the Director were required to render treatment to anyone referred by the hospital, were subject to certain hospital directives with respect to maintaining a private practice, were required to maintain records as directed by the hospital, and were required to cooperate in the utilization and training of hospital interns.

In *Pogue v. Hospital Authority,* 120 Ga. App. 230 (170

SE2d 53) (1969), a similar contract was held not to create an employee-employer relationship between the hospital and a group of physicians who had contracted as a partnership to provide emergency room services. As stated by this court: "The agreement provided that the services were to be performed to the satisfaction of the [hospital] authority, subject to surveillance by the medical staff of the hospital, and in accordance with good medical practice . . . However, those provisions, by which the authority could see to it in a limited way that the partnership performed its duties in compliance with the agreement, did not give the authority the right to direct specific medical techniques employed in rendering the services, and thus did not change the partnership's status from that of an independent contractor. [Cits.] A hospital is not liable for the negligence of a physician employed by it where the negligence relates to a matter of professional judgment on the part of the physician when the hospital does not exercise and has no right to exercise control in the diagnosis or treatment of illness or injury. [Cits.]"

We hold that the case sub judice is controlled by *Pogue.* Here, as in that case, the hospital reserved no right to control the specific medical techniques employed by the emergency room doctors, but merely exercised a limited surveillance in order to monitor the quality of medical care provided. The controls which the hospital did exercise were not related to the manner of treatment but to other matters not inconsistent with an independent contractor relationship. Accordingly, the trial court did not err in finding that no employer-employee relationship was created and in granting summary judgment to the hospital.

*Hodges v. Doctors Hospital,* 141 Ga. App. 649 (234 SE2d 116) (1977), relied upon by the appellant, does not require a different result. In that case, the emergency room physician did not work under a written contract which specified in detail the services required of him and which disavowed any control over his manner or means of performance, but instead worked under a loose arrangement with the hospital, which required him to "cover" the emergency room on certain occasions as a prerequisite to remaining on the hospital staff. Under

these circumstances, this court found that a jury could infer that the hospital did have the right to control the manner, method, and means by which the physician performed his work. Accordingly, it could not be held as a matter of law that he was an independent contractor rather than an employee. See *Travelers Ins. Co. v. Moates,* 102 Ga. App. 778, 781 (117 SE2d 924) (1960).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED MAY 9, 1977 — DECIDED JUNE 30, 1977 — REHEARING DENIED JULY 19, 1977 — ▮▮▮▮▮▮

*Savell, Williams, Cox & Angel, Henry Angel,* for appellant.

*Zachary & Segraves, W. E. Zachary, Sr., Freeman & Hawkins, J. Bruce Welch, Jr., Henning, Chambers & Mabry, Peter K. Kintz,* for appellees.