55739. HOLLINGSWORTH et al. v. GEORGIA OSTEOPATHIC HOSPITAL, INC.

DEEN, Presiding Judge.
The Hollingsworths, husband and wife, sought recovery against appellee hospital for alleged negligent treatment provided by the attending physician in the hospital's emergency room. Appeal is brought from an order of the Superior Court of DeKalb County granting

the hospital's motion for summary judgment.

The affidavit of the physician reveals that pursuant to an oral contract with the hospital, he was required to be in attendance at the emergency room from 7 a.m. until 7 p.m. on the date appellant sought treatment and that he was to be paid $100 per day for his services in addition to any additional compensation he received from the patients he treated. The contract also provided that if he was unable to be in attendance on the day in question, he was to contact any other staff physician to cover for him. Although the contract did not set out specific procedures to be used by the physician during the performance of his duties, it did require him to be in attendance at the hospital's emergency room at least once a month and to perform his duties according to the standards then existing in his profession. The affidavit of the hospital's administrator, S. H. Andrews, confirms the terms of the oral contract between the hospital and the physician. *Held:*

In order to grant appellee's motion for summary judgment, the trial court found there were no genuine issues of material fact remaining in the case and that appellee is entitled to judgment as a matter of law. Code Ann. § 81A-156. In the present case, for the hospital to be liable, it must be shown that the doctor was an employee of the hospital and not an independent contractor. *Hodges v. Doctors Hospital,* 141 Ga. App. 649 (234 SE2d 116) (1977).

In *Hodges,* the court distinguished *Clary v. Hospital Auth.,* 106 Ga. App. 134 (1) (126 SE2d 470) (1962), which was followed by *Pogue v. Hospital Auth.,* 120 Ga. App. 230 (170 SE2d 53) (1969), and held that these cases "do not support the blanket proposition that 'the hospital is not liable for the mere negligent performance of professional services by a physician or surgeon on its staff.' Furthermore, the cases referred to do not broadly hold that a doctor, as a matter of law, is an independent contractor. Instead *Clary* stands only for the principle that a physician on the staff of a hospital is not automatically an employee of the hospital and where a physician is an independent contractor the hospital is not liable for his negligent performance of professional services unless it negligently selected him or undertook to direct him in the

manner and method of treating the patient. See Code § 105-502. We therefore do not interpret *Clary* as providing a rule deciding whether the hospital will be liable prior to a determination of whether the relation between the hospital and the doctor was that of master-servant or independent contractor." *Hodges v. Doctors Hospital,* supra, p. 650.

In *Hodges,* the witness testified in part that he was a licensed physician, that for emergency room service provided during the day he was paid $100 plus any fee he obtained from the patients, and that the hospital had control over the time he was to be on duty. In holding that it was error for the trial court to direct a verdict in favor of the hospital, this court ruled: "Although the precise terms of the arrangement between the hospital and the doctor are not defined by the testimony it is evident that the hospital paid the doctor for the service, that it required him to perform the service, and that it exercised control over him in this regard. While the evidence was not conclusive, it was sufficient to raise a jury question. . ." *Hodges v. Doctors Hospital,* supra, p. 653.

Here it is clear that there is a material question of fact as to whether or not the physician was an independent contractor or an employee. *Overstreet v. Doctors Hospital,* 142 Ga. App. 895 (237 SE2d 213) (1977), relied upon by appellee, does not require a different result. In that case, the controls exercised by the hospital were not inconsistent with an independent contractor relationship.

Accordingly, it was error for the trial court to grant summary judgment in favor of appellee.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED APRIL 4, 1978 — DECIDED APRIL 28, 1978 — REHEARING DENIED MAY 9, 1978 — CERT. APPLIED FOR.

*McCurdy & Candler, George H. Carley, John Perry Cripe,* for appellants.

*Zachary & Segraves, W. E. Zachary, Sr.,* for appellee.