## 59904. W. O. W. v. STATE OF GEORGIA.

SOGNIER, Judge.

The Juvenile Court of Oglethorpe County ordered a charge of armed robbery and two charges of theft by taking against appellant transferred to the Superior Court of Oglethorpe County for disposition. W. O. W. appeals that order, and we affirm.

1. Appellant contends the juvenile court erred by denying his motion to vacate or dismiss the Order of Detention entered in this case shortly after appellant was taken into custody. Since the case was transferred to superior court and appellant is now free on bail this issue is moot.

2. Appellant contends the court erred by overruling an oral request to hold a hearing on written motions to suppress. Appellant apparently made certain confessions after he was taken into custody, and he filed motions to suppress such confessions and any testimony relating thereto. However, the confessions were never offered in evidence and no witnesses testified as to matters contained in the alleged confessions. Thus, there was nothing to suppress and the trial court properly ruled that such a hearing would be held as the evidence developed.

3. Appellant next contends the court erred by allowing two witnesses to testify when such testimony was tainted by an illegal

arrest and involuntary confessions. There was no illegal arrest as the police had reasonable grounds to believe appellant had committed a delinquent act, and no objection was made to either witness testifying. Further, the record discloses no testimony related to any matters flowing from alleged involuntary confessions; in fact, the police obtained the allegedly "tainted evidence" about which a witness testified *prior* to the time appellant was taken into custody and before he made any statements to police. Accordingly, this enumeration is without merit.

4. In Enumeration 4 appellant contends the evidence does not support a finding that he committed a delinquent act, or that it was in his interest to have his case transferred to superior court. However, the victim of the alleged armed robbery positively identified appellant as the perpetrator of the armed robbery, and this provides reasonable cause to believe appellant committed a delinquent act. *B.G. v. State of Ga.,* 143 Ga. App. 725, 727 (1) (240 SE2d 133) (1977). Further, a witness testified that appellant gave him a pistol and tape recorder which were identified by the owners as being stolen from them. Thus, we find no abuse of discretion by the court in ordering the armed robbery count and two counts of theft by taking transferred to superior court for trial. The court made detailed findings of fact based on the evidence which warranted the transfer order.

5. Appellant contends the court erred in not allowing a defense witness to express her opinion as to whether it was in appellant's interest to be tried as an adult. This was an issue for determination by the court, and refusal to allow a witness to state his opinion as to the ultimate issue before the triers of fact is not error. *Robinson v. McClain,* 123 Ga. App. 664, 665 (1) (182 SE2d 157) (1971).

6. Appellant contends the court erred by issuing its order of transfer before receiving the results of a psychiatric evaluation of appellant which the court ordered. Appellant cites no authority in support of this contention and we have found no such authority. Further, appellant's own expert witness testified that appellant was not mentally retarded, was not psychotic and that further examination by a psychiatrist would not produce findings of any benefit to the court. Under these circumstances we find no error in the court's actions.

The remaining enumerations of error are without merit and have been discussed previously in Division 4 of this opinion.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED MAY 6, 1980 — DECIDED SEPTEMBER 2, 1980 —
REHEARING DENIED SEPTEMBER 17, 1980 —

*Katrina L. Breeding, Pamela D. Hayes,* for appellant.
*Cleve Miller, District Attorney, Lindsay A. Tise, Jr., Assistant District Attorney,* for appellee.