## 61122. HENDERSON v. THE STATE.

BIRDSONG, Judge.

Rawn G. Henderson was convicted of burglary of a golf pro shop and sentenced to serve 20 years. He brings this appeal enumerating three errors. *Held:*

1. This trial and conviction was conducted in a bifurcated manner. Henderson entered a special plea of insanity, and a separate hearing was conducted before a jury to determine the issue of mental competency to participate in his own defense at the time of trial on

the merits. Only after the jury returned a verdict that Henderson was sane at the time of trial did the case proceed to the issue of guilt or innocence.

Appellant's contentions primarily relate to alleged errors committed by the trial court on the trial of the special issue of sanity.

2. We commence our examination and evaluation of the enumerations of error upon the premise that a special trial on the issue of sanity is in the nature of a civil proceeding with the burden resting upon the defendant to show his insanity. *Bacon v. State,* 222 Ga. 151, 153 (149 SE2d 111).

The first enumeration of error of which complaint is made urges that a GBI agent was allowed to testify to his opinion of Henderson's sanity without first qualifying the agent as an expert. The GBI witness testified that he had taken Henderson into custody in Cairo. He advised Henderson of his Miranda rights but Henderson declined to make a statement until he had talked to an attorney. Nevertheless, Henderson was asked certain general questions of identification pertaining to his family relationships and other matters of personal history for record purposes but was not questioned concerning the particulars of the burglary involved. Henderson was then transported by auto back to Meriwether County, a journey taking some four and one-half hours. During this trip, Henderson and the GBI witness engaged in a general conversation. At the special trial on sanity, the officer was asked the particulars of the questions and answers as well as the conversation but only as they pertained to Henderson's mental alertness and clarity.

Sanity or insanity is a proper subject for opinion evidence. Code Ann. § 38-1708; *Spencer v. State,* 236 Ga. 697 (4c) (224 SE2d 910). In the case of a lay witness, the statement of facts or reasons in support of the opinion is appropriate and may even be necessary to overcome any objection to the expression of the opinion. *Strickland v. State,* 137 Ga. 115, 117 (72 SE 922). See *Leonard v. State,* 157 Ga. App. 37.

It is to be noted that in such a special proceeding, questions going to guilt or innocence may be objectionable. *Bacon v. State,* supra. In this case the sole issue at the special trial was appellant's sanity at the time of trial. Even though Henderson had declined to answer questions until he talked to an attorney, the testimony offered by the GBI agent was directly related and limited to Henderson's ability to understand questions and his ability to answer coherently and intelligently, i.e., in support of this lay witness' opinion as to Henderson's competency. We reject the appellant's argument that the GBI agent had to be qualified as an expert in order to give a lay opinion as to the question of mental competency.

3. In his second enumeration, Henderson complains that the

trial court erred in allowing the GBI agent to testify as to the personal history and the conversation on the auto trip from Cairo to Greenville, after Henderson had told the agent he did not desire to give a statement until after he had talked to an attorney. For the reasons stated in Division 2, it was not error for the trial court to allow the agent to state the underlying reasons for his opinion that Henderson was sane at the time of trial. This conclusion is not changed by the apparent "Miranda" failure. As pointed out in Division 2, the first trial was a civil procedure and not a criminal trial. Miranda rights have their genesis in the constitutional protection that no person "in a criminal trial" may be compelled to incriminate himself. Miranda v. Arizona, 384 U. S. 436, 442, 461 (86 SC 1602, 16 LE2d 694). In this initial special proceeding, the evidence was not offered for purposes of showing criminal misconduct. In fact the evidence was not even offered to prove the truth of the appellant's admissions but to indicate his degree of understanding and mental condition. At the subsequent criminal trial on the issue of guilt or innocence, before a different jury, none of the questionable evidence was presented to that jury. This evidence was no more harmful nor less illuminating on the question of competency than the testimony of the jailer who also testified to his observation of appellant during the time he was in the Meriwether County jail. That testimony was admitted without objection. See *Lingo v. State,* 224 Ga. 333, 342 (162 SE2d 1). There was no error in admitting the evidence of the conversation held with Henderson as the basis for the GBI agent's opinion of competency.

4. In his last enumeration of error, Henderson complains that the trial court erred in refusing to appoint a qualified psychiatrist to examine Henderson after he had made a demand for a special trial to determine sanity. The facts show that the trial court referred Henderson to the county medical examiner for a competency examination and the trial court indicated that only if that doctor had any reservation as to appellant's competency would Henderson then be referred to a specialist. The medical examiner previously had performed a substantial number of sanity evaluations pursuant to order of the court. The doctor entertained no doubt as to the sanity of the appellant following the examination. Under these circumstances, it was not error for the trial court to refuse to refer Henderson to a "qualified psychiatrist." The requirement that a defendant be given a psychiatric evaluation (Code Ann. § 27-1502) may be satisfied by an evaluation by a doctor qualified to give such an opinion who may not be a board-certified psychiatrist. Thus, it has been held under similar circumstances that there is no violation of due process in the refusal of the trial judge to appoint a psychiatrist to make a pretrial

examination or otherwise assist an indigent accused even where there has been a special plea of insanity. *Taylor v. State,* 229 Ga. 536, 537-538 (192 SE2d 249). We find no error by the trial court in this regard.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 20, 1981.

*A. Vernon Belcher,* for appellant.
*Arthur E. Mallory III, District Attorney, Harger*
*W. Hoyt, Assistant District Attorney,* for appellee.