66579. ELLIS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of voluntary manslaughter and appeals (1) on the general grounds. He also contends the trial court erred (2)

by allowing into evidence a photograph of the victim after an autopsy; (3) by refusing to allow a defense witness to express an opinion as to the victim's mental condition and his incompetency to drive his truck on the date of his death; (4) by giving a charge on voluntary manslaughter when that offense was not raised by the evidence; and (5) by refusing appellant's request to charge that fists and feet can be deadly weapons under certain circumstances.

Appellant and his son Norman had an argument over Norman's use of drugs. After the argument Norman said he was going to leave home. Norman then cursed appellant and stated that he would kill him. When appellant's wife attempted to intervene Norman shoved her violently, and appellant then went into the kitchen and got a knife. Norman was taking his clothing to his truck and when appellant stepped outside, Norman started hitting and kicking appellant. Appellant then stabbed Norman twice; appellant called an ambulance, and Norman died from the stab wounds shortly after his arrival at the hospital.

Both appellant and his wife stated that Norman had never cursed his father or been violent before. They also testified that Norman was acting strangely and had taken half of a Quaalude tablet either the night before, or on the morning of the day he was stabbed, and that appellant, during the entire argument, did not raise his voice and remained calm.

1. We find the evidence sufficient to support the verdict. Voluntary manslaughter is the killing of another person under circumstances that would otherwise be murder and is solely the result of a sudden, violent and irresistible passion resulting from serious provocation. OCGA § 16-5-2 (Code Ann. § 26-1102). Appellant testified that Norman was beating and kicking him when he stabbed his son. We have held that this is sufficient provocation to bring it within the ambit of the definition of voluntary manslaughter set forth in the Code. *Butts v. State,* 126 Ga. App. 512, 515 (7) (191 SE2d 329) (1972). Thus, we find the evidence sufficient to meet the standard of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends it was error to admit a photograph of the victim after the autopsy was performed because the photograph did not show any stab wounds but was offered only to inflame and prejudice the jury.

In *Brown v. State,* 250 Ga. 862, 867 (5) (302 SE2d 347) (1983), our Supreme Court stated the rule relating to an autopsy photograph as follows: "A photograph which depicts the victim after autopsy incisions are made or after the state of the body is changed by authorities or the pathologist will not be admissible unless necessary

to show some material fact which becomes apparent only because of the autopsy." Applying this rule to the instant case we believe it was error to admit the photograph in evidence.

It was not disputed that appellant stabbed the victim in the chest and that the stabbing was the cause of death. Further, the pathologist testified that death resulted from two stab wounds which pierced the lung and ended at the spinal column. Thus, the autopsy photograph was not necessary to show any material fact which became apparent only because of the autopsy. However, under the circumstances of this case, we cannot say that admission of the photograph constitutes reversible error in light of appellant's ready admission that he stabbed his son and other evidence in the case. *Williams v. State,* 250 Ga. 553, 561 (3) (300 SE2d 301) (1983).

3. Appellant contends it was error not to allow a defense witness to state his opinion as to the victim's mental condition and incompetency to drive a motor vehicle the morning of the day he was stabbed. This issue arose when Michael Sullivan, police chief of Centerville, Georgia, testified that on the morning of Norman Ellis' death he was under the influence of drugs or alcohol, and "he was very, very paranoid . . ." Sullivan was then asked what he meant by paranoid, and the state's objection to that question was sustained on the ground that Sullivan was not an expert on paranoia.

A witness can give opinion testimony as to sanity or insanity, OCGA § 24-9-65 (Code Ann. § 38-1708); *Spencer v. State,* 236 Ga. 697, 700 (4c) (224 SE2d 910) (1976), and in the case of a lay witness, it is appropriate to state the reasons for his opinion. *Henderson v. State,* 157 Ga. App. 621, 622 (2) (278 SE2d 164) (1981). However, paranoia is defined as "[a] chronic, slowly progressive mental disorder (personality disorder) characterized by the development of ambitions or suspicions into systematized delusions of persecution and grandeur which are built up in a logical form; . . ." Dorland's Illustrated Medical Dictionary, 24th Edition, 1965, p. 1098.

Since paranoia is a medical term relating to a mental disorder, only a qualified expert such as a psychiatrist, psychologist or medical doctor would be competent to diagnose and define such a mental disorder. Since Sullivan was not qualified as a medical expert, the trial court did not err in refusing to allow Sullivan to express an opinion as to a specific mental disorder.

As to expressing an opinion on Norman Ellis' competency to drive his truck, Sullivan testified that Norman was under the influence of alcohol or drugs, and Sullivan told him if he attempted to drive he would be arrested for DUI. The only logical conclusion to be drawn from such testimony is that Sullivan did not believe Norman was competent to drive in his condition. Thus, any error in refusing to

let Sullivan state his opinion on this issue would be harmless, since his other testimony showed he did not believe Norman was competent to drive in his condition.

4. Appellant contends that all of the trial court's charges on voluntary manslaughter were erroneous because that offense was not raised by the evidence. This contention is without merit.

The evidence disclosed that Norman Ellis was extremely angry, threatened to kill appellant, shoved his mother, and finally attacked his father physically. It was when appellant was beaten and kicked that he stabbed his son, and it is difficult to imagine a set of circumstances showing more clearly a killing done in the heat of sudden passion after sufficient provocation. On trial of a murder case if there is any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, an instruction as to the law of both offenses should be given to the jury. *Henderson v. State,* 234 Ga. 827, 832 (2) (218 SE2d 612) (1975). Since beating and kicking appellant is sufficient provocation to bring appellant's actions within the definition of voluntary manslaughter, *Butts,* supra, the trial court did not err by charging the jury on voluntary manslaughter.

5. Lastly, appellant contends the trial court erred by denying his request to charge the jury that under certain circumstances fists and feet can constitute deadly weapons.

In its charge on self-defense, the trial court charged the jury, in part, that a person is justified in using force which is intended or likely to cause death or great bodily injury only if he reasonably believes such force is necessary to prevent death or great bodily injury to himself. This was a correct statement of the law, OCGA § 16-3-21 (Code Ann. § 26-902), and whether fists and feet can be dangerous weapons under certain circumstances was not material to the issue of self-defense. The determining factor in self-defense is not whether the victim was using a deadly weapon, but whether appellant reasonably believed the amount of force *he* used was necessary to prevent death or great bodily harm to himself. " 'In all such cases the motive with which the slayer acted is for determination by the jury; and if it be claimed that the homicide was committed . . . under the fears of a reasonable man, it is for the jury to decide whether or not the circumstances were sufficient to justify the existence of such fear.' " *Moore v. State,* 228 Ga. 662, 663 (1) (187 SE2d 277) (1972). Accordingly, this enumeration is without merit.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 4, 1983.

*Oscar L. Crumbley, Jr.,* for appellant.
*G. Theron Finlayson, District Attorney,* for appellee.