### 67738. HIGHTOWER v. McINTYRE et al.

BIRDSONG, Judge.
This is an appeal from a jury verdict and judgment of $2,000 in favor of appellant in this action for non-economic damages as a result of personal injuries sustained in an automobile collision with appellees. Appellant enumerates three grounds of error on appeal. *Held*:

1. Appellant's first enumeration of error charges that the trial court improperly allowed appellees' attorney to disclose to the jury in his opening statement that appellant's no-fault insurance company had reimbursed appellant for her lost wages and medical expenses and that these items were not to be considered by the jury in this case. While the unnecessary interjection of liability or no-fault insurance in a trial of a personal injury action generally is impermissible and will result in reversal (*Fleet Transport Co. v. Holland*, 166 Ga. App. 337 (2) (304 SE2d 76); *Goins v. Glisson*, 163 Ga. App. 290 (1) (292 SE2d 917); *Moore v. Price*, 158 Ga. App. 566 (1) (281 SE2d 269)), this court will not disturb the judgment of the trial court on this basis unless the complaining party on appeal made proper objection to the matter in the trial court. *Underwood v. Butler*, 166 Ga. App. 527 (2) (304 SE2d 729); *Childers v. Morris*, 166 Ga. App. 229 (2) (303 SE2d 769). In the present case, it is clear that appellant failed to preserve this issue for appellate review. Appellant allowed appellees' counsel to conclude his opening statement after making the objectionable remarks. After the jury then was dismissed from the courtroom for lunch, appellant requested the court to instruct the jury that she was not seeking any expenses for medical bills or lost wages and that any comments made about these matters was improper and not to be considered in reaching a verdict. After further colloquy, the trial judge informed the parties that he did not believe any instruction was necessary at that time but that he would later instruct the jury on the matter if necessary. Appellant replied, "All right" to this statement and made no further objection, request for instructions, or motion for mistrial as a result of the comments by appellees' counsel. In its charge to the jury, the court instructed the jury on the issue of lost wages and medical expenses. Appellant took no exception to these in-

structions. It is clear from the record that appellant acquiesced in the actions taken by the trial court in response to the opening remarks by appellees' counsel and on the issue of economic losses generally. Thus, this enumeration presents nothing for appellate review. *Underwood,* supra; *Hall v. Robinson,* 165 Ga. App. 410, 412 (300 SE2d 521); *United States Shoe Corp. v. Jones,* 149 Ga. App. 595 (6) (255 SE2d 73).

2. Appellant's second enumeration of error challenges the trial court's overruling of her objection to two arguably relevant questions propounded and answers elicited on cross-examination during the video taped deposition of her treating physician. Every party has the right to a thorough and sifting cross-examination of witnesses called against him, and the control of the right of cross-examination is left to the sound discretion of the trial judge, whose decision will not be reversed absent abuse of that discretion. *Weaver v. Ga. Power Co.,* 134 Ga. App. 696 (1) (215 SE2d 503). A review of the transcript and subject testimony in the present case reveals no abuse of discretion on the part of the trial court in overruling appellant's objection to her physician's testimony.

3. Appellant contends in her final enumeration of error that the damages awarded to her were inadequate as a matter of law. As previously indicated, the sole item of damage to be considered by the jury was for pain and suffering. "The law fixes no measure for damages for pain and suffering except the enlightened conscience of impartial jurors. In the absence of plain proof that the verdict was the result of prejudice or bias this court will not interfere. [Cit.] There was no direct proof of prejudice or bias here. . . . The verdict will not be set aside under the evidence presented. [Cit.]" *Cason v. Columbus, Ga.,* 148 Ga. App. 208, 210 (3) (250 SE2d 836).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 13, 1984.

*Albert E. Jones, J. David Cook,* for appellant.
*Lynn A. Downey, Joseph C. Parker,* for appellees.