## 71686. ANDERSON v. THE STATE.
### (343 SE2d 411)

SOGNIER, Judge.

Appellant was convicted of kidnapping and aggravated assault, and appeals pro se.

1. Appellant contends the trial court erred by granting the State's oral motion in limine to prevent appellant from questioning witnesses about the victim's past sexual conduct. (Appellant was charged with rape, but convicted of the lesser offense of aggravated assault.) Although the court initially granted the State's motion, it later reversed its ruling and allowed appellant's counsel to cross-examine witnesses about the victim's past sexual conduct. Hence, this issue is moot.

2. Appellant contends the trial court erred by admitting into evidence his statement to a police detective, which appellant contends

was involuntary because he was arrested illegally and was threatened by the police. The issue of an illegal arrest was not raised below, and this court will not consider questions raised for the first time on appeal. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

At a hearing outside the presence of the jury detective H. E. Miller testified that after tracing to appellant the tag number on the car used during commission of the offenses, Miller went to appellant's home and spoke to his mother and some other relatives. Appellant was not home but later the same day he contacted the police and went voluntarily to the police station to talk to Miller. Appellant was advised fully of his *Miranda* rights (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)); he was coherent and was not intoxicated; he was not threatened and no promises were made to him; and he did not request a lawyer. Although appellant refused to sign a waiver, he was asked if he wanted to make a statement and appellant stated he did, as he wanted to tell the police exactly what happened. Miller testified that appellant then made a detailed statement indicating he and a friend arranged to have sex with the victim for money and followed her to a rest stop on I-85. Appellant told Miller that when the victim refused to have sex with him (appellant), his friend hit the victim with a pistol and appellant then had sex with the victim. Appellant testified at the hearing that he made the statement because the police threatened to beat it out of him and he was scared.

Based on testimony presented at the hearing we find no error in admitting appellant's statement into evidence. Factual and credibility determinations as to voluntariness of a confession made at a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. *Griswold v. State*, 159 Ga. App. 22, 23 (2) (282 SE2d 679) (1981). We find no error here.

3. Appellant contends it was error to permit two State witnesses to testify as medical experts. The first witness, Dr. Jeffery Goldberg, testified that he graduated from Rutgers University and New Jersey Medical School. He had completed his internship and was in resident training in obstetrics and gynecology at Emory University Hospital when he examined the victim in this case. The second witness, Carlton Higgins, was an emergency medical technician (EMT) who had fulfilled the State of Georgia requirements for becoming an EMT by completing 150 training hours plus clinical time. Higgins had also fulfilled the requirements to become an advanced EMT paramedic, which consisted of 450 hours training plus clinical time.

It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular profession as to entitle him to be deemed prima facie an expert. *Redd v. State*, 240 Ga. 753, 755 (2) (243 SE2d 16) (1978); *Morris v. State*,

159 Ga. App. 600, 601 (1) (284 SE2d 103) (1981). The witnesses here were clearly experts in their field, and we find no abuse of discretion by the trial court in declaring them experts.

4. Appellant contends the trial court erred by not allowing him to present evidence of good character. This enumeration is not supported by the record, which shows that appellant presented seven witnesses who testified to appellant's good character. We will not consider factual representations in a brief which do not appear in the record. *Chamlee v. State*, 166 Ga. App. 696, 697 (2) (305 SE2d 369) (1983). However, appellant's argument in this enumeration is that he was not allowed to ask a witness: "Would Eric commit rape?" The court properly sustained an objection to this question, as it called for an ultimate conclusion by a nonexpert witness. *W. O. W. v. State of Ga.*, 155 Ga. App. 714, 715 (5) (272 SE2d 498) (1980).

5. Appellant contends error in denial of his motion for a directed verdict of acquittal on the charge of kidnapping because the State failed to establish venue. This enumeration is not supported by the transcript, which shows that a police officer testified that all offenses charged occurred in Fulton County. This court will not consider factual representations in a brief which are not supported by the record. *Chamlee*, supra. Further, the police officer's testimony was not disputed, and evidence as to venue, though slight, is sufficient where there is no conflicting evidence. *Dixon v. State*, 150 Ga. App. 305 (257 SE2d 387) (1979).

6. Appellant presented no argument in his brief on the remaining enumerations of error. Hence, they are deemed abandoned pursuant to Rule 15 (c) (2) of this court.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MARCH 19, 1986.

Wendell Eric Anderson, *pro se.*

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Ann Poe Mitchell, Assistant District Attorneys,* for appellee.