73040. MACON-BIBB COUNTY HOSPITAL AUTHORITY
v. WHIPPLE.
(355 SE2d 83)

BENHAM, Judge.

Appellant Macon-Bibb County Hospital Authority, d/b/a Medical Center of Central Georgia, brings this appeal from a judgment entered on a jury verdict awarding appellee, the representative of the Estate of Annie Whipple, $100,000 for injuries the decedent sustained to her hand while receiving intravenous chemotherapy treatment as a cancer outpatient at appellant hospital. There was evidence that Mrs. Whipple experienced pain and suffering as a result of the extravasation of mutamycin from her vein into the soft tissue of her hand. She underwent surgery on her hand by Dr. Ron Freeman, a plastic surgeon, and treatment for pain by Dr. John Brown, a psychologist.

Appellant argues that the jury verdict was excessive and that the trial court erred in refusing to strike the testimony of Dr. Brown and

in failing to give a requested charge. We affirm.

1. Appellant contends it was error for the trial court to permit John Brown, a psychologist, to testify as an expert that the injury Mrs. Whipple sustained to her hand affected her survivability. "Generally speaking, nothing more is required to qualify a witness as an expert than to show that, through education, training, or experience, he has special knowledge concerning the matter of science or skill to which his testimony relates." *Queen v. McDaniel*, 178 Ga. App. 504, 505 (343 SE2d 783) (1986). Dr. Brown's qualifications included an undergraduate and a graduate degree in psychology and a doctorate in counseling; membership in various professional organizations; and four years of practical experience at the Macon Pain Clinic assisting individuals in managing chronic pain. The testimony of Dr. Brown, who had treated the decedent at the Macon Pain Clinic, illustrated the psychological effect of the injury on the decedent's life. "It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular profession as to entitle him to be deemed prima facie an expert. [Cits.]" *Anderson v. State*, 178 Ga. App. 355 (3) (343 SE2d 411) (1986). The trial judge did not abuse his discretion in allowing Dr. Brown to testify as an expert.

2. Appellant next contends that the trial court erred in failing to charge the jury that Dr. Schnell and Dr. Smith, the physicians treating the decedent's cancer, were independent contractors. Appellant requested the court to instruct the jury: "The defendant Medical Center of Central Georgia is not legally responsible for the acts and doings of Dr. Ron Freeman, Dr. James Smith or Dr. Fred Schnell as these doctors are independent contractors and not agents or employees of the hospital." Instead, the trial court submitted to the jury the question whether the relationship between the hospital and the doctors was that of employer and employee, or employer and independent contractor.

Contrary to appellant's assertion, the trial court's jury charge was proper. The evidence showed that Mrs. Whipple was a patient of appellant hospital and not a private patient of Dr. Smith or Dr. Schnell. Drs. Smith and Schnell staffed the cancer clinic, a unit of the hospital, every Thursday and were paid an hourly rate by appellant for their services. The evidence presented a question of fact for the jury as to whether the doctors were employees of the hospital or independent contractors. *Hollingsworth v. Ga. Osteopathic Hosp.*, 145 Ga. App. 870 (245 SE2d 60) (1978). "The court's instruction to the jury should be looked to as a whole, and if the applicable law is stated accurately and fairly, in such manner as to work no prejudice, then this court will not consider a challenge to the wording of isolated segments. [Cits.]" *Georgia Kraft Co. v. Laborers' Intl. Union*, 170 Ga.

App. 581 (3) (371 SE2d 602) (1984). We find that the trial court's instruction to the jury was clear and accurate. Furthermore, appellant's request was not adjusted to the evidence in this case since it included therein that the court charge the jury that Dr. Freeman was an independent contractor. Dr. Freeman treated Mrs. Whipple's hand after she sustained the burns. There was no evidence or issue in this case that he was negligent, nor was he ever called as a witness at trial. "In order to reverse for failure to give a requested charge, the charge so requested must be entirely correct, accurate and adjusted to the pleadings, law and evidence, and not otherwise covered in the general charge. [Cits.]" Id. at 585. Since appellant's requested charge was not adjusted to the evidence presented, the trial court correctly refused to give the charge.

3. In its third enumeration of error, appellant contends that the jury verdict of $100,000 was excessive. Appellant argues that since Mrs. Whipple's medical expenses amounted to $7,600.85, the remainder of the verdict, $92,399.15, was awarded for pain and suffering, and that amount is excessive. "The law fixes no measure for damages for pain and suffering except the enlightened conscience of impartial jurors. In the absence of plain proof that the verdict was the result of prejudice or bias this court will not interfere. There was no direct proof of prejudice or bias here. The verdict will not be set aside under the evidence presented. [Cits.]" *Hightower v. McIntyre*, 170 Ga. App. 269 (3) (316 SE2d 849) (1984).

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur insofar as Division 2 is concerned, but I must concur in the judgment only, with respect to Divisions 1 and 3.

One of the arguments made on appeal, with respect to Dr. Brown's opinion that the psychological effect of the injury was to shorten Mrs. Whipple's life, is that this element of damages turned the medical malpractice case into a wrongful death case. What the hospital is saying, as I understand it, is that a shortened life span occasioned by the depressed mental state brought on by the injury is not a recoverable measure of damages in this case. The only elements of damage are expenses and pain and suffering. The quality of life, not the length of it, is relevant, seems to be a position advanced by the hospital.

If the evidence that her life was shortened by her mental attitude contributed to the jury's verdict, then the hospital may be correct that it was legally excessive. That is because there is then evidence that the jury deliberated under a mistake of law and considered an erroneous element of damages. See *Brown v. Svc. Coach Lines*, 71 Ga.

App. 437, 447 (31 SE2d 236) (1944). A shorter life would not affect the amount of pain and suffering actually experienced by Mrs. Whipple during her life, unless it were argued that the quantum was diminished by having to endure it for a lesser time, which would benefit the defendant. On the other hand, if the jury considered a shorter life to be a loss to Mrs. Whipple, the evidence here would have allowed the jury to embrace it within the "pain and suffering" category.

We cannot address this question because it was not raised below. Insofar as Dr. Brown's testimony is concerned, the objection was not that the relative length of Mrs. Whipple's life was not relevant. Rather, the grounds stated were that the testimony regarding "survivability" was outside the witness' area of expertise, lacked a proper foundation, and was "inappropriate." In later moving to strike that part of Dr. Brown's testimony relating to lifespan, defendant added the ground that it was too speculative. There was never an objection based on its being irrelevant to the issue of damages in this case.

Nor was it a ground with respect to the complaint of excessiveness of verdict. The motion for judgment notwithstanding the verdict or in the alternative for a new trial did not mention it. It contains only the general grounds, the denial of directed verdict, and claim of error in the jury charge. Nothing in the record shows that this ground was raised before the trial court. It is therefore not before us. *Cox v. City of Lawrenceville*, 168 Ga. App. 119, 120 (1) (308 SE2d 224) (1983).

Because I agree that the grounds raised, with respect to Dr. Brown's testimony and with respect to the excessiveness of the verdict, are not reversible in this case, I concur in the judgment only.

DECIDED MARCH 5, 1987 —
REHEARING DENIED MARCH 18, 1987 —

*Joseph W. Popper, Jr., Susan S. Cole,* for appellant.
*Jane M. Jordan, Neal D. McKenney,* for appellee.