37013.   DIXON *v.* DIXON.

DECIDED JANUARY 30, 1958.

*H. Cliff Hatcher*, for plaintiff in error.

*Lewis & Lewis, Preston B. Lewis,* contra.

Townsend, Judge. ■ Both parties introduced some evidence in favor of their respective contentions as to the location of the

line in the nature of marked trees, other monuments, and reputation in the community. The jury was authorized to find that at the time the line was run the applicant and the protestant each produced a plat for reference by the processioners, and that the line as marked and run was in substantial accordance with these plats, and in accordance with the true dividing line between the properties. The evidence is therefore sufficient to support the verdict unless there was also other evidence which would demand a finding that the line as originally fixed had been changed by prescription, a subsequent agreement, or some other manner in which such line might lawfully have been changed.

■ On the issue of prescription, the protestant relies on evidence that he erected a fence between his property and that of Ralph Dixon, pastured the land east of the fence with cattle for a period of time and with horses on up to the time of the hearing, and cut timber off the area on two occasions. He contends that the processioners entirely ignored the fence and his evidence of possession. There is evidence that the processioners crossed over the fence in running this line because the condition of the fence was such as not to indicate to them that it was a boundary line, and because some strands of barbed wire were merely nailed up from tree to tree zig-zagging in such a way as not to appear to be a line. From the plat made subsequent to the processioners' return and introduced by the defendant in the superior court proceedings, it appears that this fence, which he contends to be the line, commences on land belonging to him which was not claimed by the applicant, proceeds westward a short distance to a point which the protestant contends is on the true boundary line, then angles southwesterly to an old canal and southerly along the canal to a branch, where the fence again turns westerly and follows the branch about 2½ chains along land which is admittedly wholly within the property line of Ralph A. Dixon, and which ends about 12 chains north of Briar Creek, the south property line of both parties. It thus appears that the fence in question neither begins nor ends on the line which the protestant claims it marks as his dividing line, nor does it begin or end on any property corner, landmark, or point contended for by either party. There is also some testimony that the protestant gradually added to the fence from year to year so that not all of it

was erected more than 20 years previously as stated by the protestant. The rule to be followed in processioning proceedings is as stated in Code § 85-1603: "Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the line so marked as not to interfere with such possession." If the fence had been placed and maintained as a boundary line, as contended by the protestant, under a claim of right for more than seven years, then the processioners would have no right to disregard it. But the fence neither begins nor ends at any definite point and only part of it is claimed to be the boundary line. According to the testimony of the processioners the protestant, at the time they crossed over the fence, did not contend that it was the boundary line, but he was apparently at that time contending the line was in accordance with the original plat he had given them at the store. Further, so far as is shown by the evidence, no line had ever been described in any deed or marked in any manner which would correspond with the straight line projected by the protestant from a point on the fence near the branch and canal southerly to Briar Creek, and such line would have been an entirely new line. "In a processioning proceeding the surveyor and processioners have no authority to make and establish new lines, but their duty is to trace and mark anew old lines or those that can be taken as having been formerly located and established." *Pearre* v. *Wilkinson*, 54 *Ga. App.* 638, 645 (188 S. E. 553). Mere use of property for a cattle range, with occasional cutting of timber, is not sufficient to constitute adverse possession. Id, p. 646; *McCook* v. *Crawford*, 114 *Ga.* 337 (2) (40 S. E. 225). Before a reversal of this case is authorized on this theory, the evidence must demand a finding that the fencing itself constituted such an inclosure as to give the protestant rights under seven years' possession of the area enclosed. The very nature of the fence here, plus evidence that the protestant made no contention at the time of the proceedings that he had actual possession up to the fence under a claim of right or that he erected and maintained it as a boundary fence, is such that a verdict is not demanded in favor of the protestant on this issue.

■ The evidence does not demand a verdict for the protestant on the theory of acquiescence. The testimony is that the fence in

question was in bad repair, was down in some places, and was so inconspicuous as not to be noticed until a person "got right up on it." The applicant testified that he had not lived on the property for years and had no knowledge of its existence. One cannot acquiesce in something of which he has no knowledge. See *Bradley* v. *Shelton*, 189 *Ga.* 696 (7 S. E. 2d 261); *Robertson* v. *Abernathy*, 192 *Ga.* 694 (16 S. E. 2d 584).

The verdict of the jury finding in favor of the applicant in the processioning proceedings was not without evidence to support it, for which reason the trial court did not err in denying the motion for new trial on the general grounds.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*