## 49326. AKINS v. TUCKER.

EVANS, Judge.

Ruby P. Tucker applied to land processioners to have

the east line of her property surveyed and marked anew. The land was situated in Douglas County, Georgia, being Land Lot 960, 18th District, and Second Section.

The adjoining landowner, Akins, filed a protest to the return of the land processioners, and contended the line surveyed and marked was not the true line between the two adjoining landowners. The proceedings were transferred by the ordinary to the superior court for trial of the issues.

Akins moved to dismiss upon the ground that the land processioners were from another militia district, which motion was denied. Akins then amended his protest and renewed his motion to dismiss. Mrs. Tucker filed a motion to strike certain grounds of the protest; and a plea of res judicata; and an amendment to her petition, in which she sought temporary and permanent equitable relief, and ejectment of Akins from her property.

The superior court issued a rule nisi, in which a restraining order was granted, and ordered a hearing. No hearing was had on the date fixed, and thereafter the court continued the restraining order at least twice without a hearing. A pre-trial hearing was held and certain documents were approved and ordered allowed in evidence. The case was tried before the trial judge and a jury, and at the close of the evidence, the trial judge directed the jury to return a verdict in favor of Mrs. Tucker, and finding the line as surveyed and marked by the land processioners to be the true line. Judgment was duly entered on the verdict, and Akins appeals.

Error was enumerated as to the injunctive relief which was granted ex parte, and for that reason the case was by this court transferred to the Supreme Court. In *Akins v. Tucker,* 231 Ga. 646 (203 SE2d 532), that court held the restraining order had expired by operation of law, and the only issue left was a boundary line dispute. The case was transferred back to this court for decision of all other enumerations of error. *Held:*

1. The case in the lower court was one in ejectment, processioning and equity. However, the ruling in *Akins v. Tucker,* 231 Ga. 646, supra, leaves for decision only the enumerations of error as to the boundary line dispute, and no questions of equity or title to land remain for

decision. Code Ann. § 2-3708; *Taylor v. Murray,* 215 Ga. 628 (112 SE2d 583).

2. As the case also involves a boundary line dispute and ejectment, the rules which apply solely to processioning do not control.

3. Each and all enumerations of error which contend the lower court erred in allowing in evidence deeds, affidavits and surveys to establish the line are not meritorious.

4. Even if the processioners were actually residents of the Chestnut Log Militia District instead of the Lithia Springs District (where protestant contends the land was actually located), their findings could not be set aside "on the ground that the appointment of the officers was unauthorized by law" as they were in any event de facto processioners. *Tucker v. Roberts,* 151 Ga. 753 (1) (108 SE 222). None of the enumerations of error which contend the processioners were illegally appointed is meritorious.

5. In processioning proceedings, surveyors and processioners have no authority to make and establish a *new line;* their duty is to trace and mark anew *old lines,* or those that can be taken as having been formerly located and established. *Dixon v. Dixon,* 97 Ga. App. 54, 57 (2) (102 SE2d 74); *Reynolds v. Kinsey,* 50 Ga. App. 385 (4) (178 SE 200); *Smith v. Brinson,* 43 Ga. App. 248 (158 SE 454).

6. Where a dividing line between coterminous owners is indefinite, unascertained or disputed, the owners may by parol agreement establish the line, which line will control as against the description and boundaries set forth in their deeds, and this is true notwithstanding the statute of frauds. *Hart v. Carter,* 150 Ga. 289 (103 SE 457); *Lockwood v. Daniel,* 193 Ga. 122 (17 SE2d 542); *Farr v. Woolfolk,* 118 Ga. 277, 279 (45 SE 230); *Holland v. Shackelford,* 220 Ga. 104 (137 SE2d 298).

Mrs. Tucker cites and relies on *Miller v. McGlaun,* 63 Ga. 435, and *Taylor v. Board of Glenlock Public School,* 185 Ga. 61 (1, 3) (194 SE 169), but in those cases *there was no uncertainty or disagreement,* and the line was otherwise ascertainable (see Code § 85-1602). Those cases are not applicable here, where the parties who made the

agreement as to the disputed boundary line (Dailey and Hester, predecessors in title to the parties in this case), did not know where the corners or the line were located and consequently marked a line upon which they agreed as the boundary or dividing line between the coterminous owners. There was no merger of this agreement in the deeds of the two owners, when each conveyed to the other, using the same vague language of "established" corners and as being bounded by the lands of each other. Extrinsic evidence could be used to determine the location of this line. *Shiver v. Young,* 38 Ga. App. 409 (1, 2) (144 SE 129).

7. Protestant Akins sought to show a line had been established by an agreement of the coterminous owners, Dailey (predecessor in title of Tucker) and Hester (predecessor in title of Akins) when they both purchased adjoining lots from a common grantor, and both were given deeds dated November 26, 1958. Both deeds had a common beginning point (northwest corner of the land lot) and referred to "established" corners, with Dailey's deed also reciting that the land described therein was bounded on the east line by Hester; and Hester's deed reciting that the land described therein was bounded on the west line by Dailey.

Therefore, there is an issue for jury determination herein as to whether the boundary line between the lands of the opposing parties was unascertained or uncertain. Although reference is made to "established" corners, both Hester and Dailey, predecessors in title to the two parties in this action, testified that prior to their agreement there were no established corners; and they then established same by marking the corners and the boundary line with iron pins, albeit here there is an issue for the jury to determine as to whether the dimensions were the same as set forth and called for by the deeds.

8. There is also for determination by a jury the question as to the location of the correct dividing line between the lands of the opposing parties, through the location of iron pins, monuments, and landmarks which "shall control the course and distances." Code § 85-1601.

The trial court erred in directing the verdict for Mrs. Tucker.

*Judgment reversed. Pannell, P. J., and Webb, J., concur.*

SUBMITTED MAY 10, 1974 — DECIDED JUNE 11, 1974.

*Alton T. Milam,* for appellant.
*James, Johnson & Pitts, J. Clifford Johnson,* for appellee.