ELOISE WARE

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER

*and*

BROCKWAY GLASS CO., INC.

(No. 13819)

Decided May 17, 1977.

*Hostler & Shinaberry, Sterl F. Shinaberry and Charles M. Kincaid,* for appellant.

*Steptoe & Johnson, James M. Wilson,* for appellees.

NEELY JUSTICE:

This case presents the novel question of whether an injury is compensable when it results from two factors,

first an idiopathic fall, and second the injury occasioned by that fall. We find that where a prior disease or condition causes an employee to fall or lose consciousness and after such fall or loss of consciousness the employee sustains injuries which he probably would not have sustained had the fall or loss of consciousness occurred away from the hazards of the place of employment, the accident is compensable. We reverse the Appeal Board and reinstate the order of the Commissioner.

The record shows that on December 13, 1973 claimant was employed as a selector-packer by Brockway Glass Company, Inc. in Clarksburg, West Virginia. Claimant's work station there consisted of a raised wooden platform which was placed next to a conveyor belt and was not bolted or otherwise attached to the floor. Behind the platform was a metal table stacked with boxes claimant used to pack glassware. While standing at her work station packing glassware, claimant fell backward off the wooden platform, across the metal table, and onto the concrete floor. As a result of this fall she sustained severe and disabling injuries including a supracondylar fracture of the right humerus, and severe hemorrhage about the right elbow.

What caused claimant's fall is very much in dispute. Claimant introduced evidence that the wooden platform was itself rickety and tended to slide out of position when ground glass accumulated under its supports. Claimant alleged that some movement of the platform threw her off balance and caused the fall. The employer, however, maintained that the platform was solidly constructed and did not move on the day of the accident. The employer introduced evidence tending to show that claimant's fall resulted from a dizzy spell brought on by a pre-existing inner ear disorder. On this view of the accident employer asserts that claimant did not sustain injuries "in the course of and resulting from [her] covered employment" as *W. Va. Code*, 23-4-1, [1976] requires. Employer argues that claimant's injuries resulted from her pre-existing physical condition rather than from her employment.

Our disposition of this case makes it unnecessary to resolve the sharp factual dispute concerning the cause of claimant's fall. Regardless of the cause, we hold the claim compensable. If indeed claimant fell because of the platform's movement, she would be entitled to compensation. If, on the other hand, she fell because of a dizzy spell she would likewise be entitled to compensation in these circumstances. Such a fall may be classified as an idiopathic fall in which the claimant's employment contributed to the risk or aggravated the injuries. We join the majority of englightened jurisdictions which agree on the basic rule that the effects of idiopathic falls "are compensable if the employment places the employee in a position increasing the dangerous effects of such a fall, such as on a height, near machinery or sharp corners, or in a moving vehicle." 1 Larson, *The Law of Workmen's Compensation*, § 12.11 (1972).

Applying this rule here, we find a number of employment-related factors which increase the dangers of an employee's idiopathic fall. First, the platform raised the employee's work station to a height above the floor. In this connection we note the testimony of Donald Talkington, one of claimant's fellow workers, who stated that their union had repeatedly called Brockway's attention to the dangers of the platforms and requested that railings be installed as a safety measure. Secondly, the metal table at the rear of claimant's work station contributed substantially to the hazards of her idiopathic fall. It was placed at such a height as to trip a falling employee who might otherwise have regained her balance. Also, the table itself would aggravate the injuries of an employee coming in contact with its surface or sharp corners. Finally, we note that the claimant fell onto a concrete floor. The increased risk caused by the hard floor might not alone be sufficient to make the claim compensable, although two jurisdictions have so held. *See, Employers Mut. Liab. Ins. Co. v. Industrial Acc. Comm'n.*, 41 Cal.2d 676, 263 P.2d 4 (1953) and *George v. Great Eastern Food Prod., Inc.*, 44 N.J. 44, 207 A.2d 161 (1965). Nevertheless, when this factor is added to the others, we are

left with no doubt that this case is within the scope of the rule on idiopathic falls cited above and that claimant is entitled to compensation for her injuries. Accordingly, the decision of the Workmen's Compensation Appeal Board is reversed, and the case is remanded to the State Workmen's Compensation Commissioner with instructions to reinstate an appropriate compensation award.

Justice McGraw, deeming himself disqualified, did not participate in the consideration or decision of this case.

*Reversed and remanded.*