# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 1, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ESTHER SHRUM,**
**Claimant Below, Petitioner**

**vs.)  No. 15-0751** (BOR Appeal No. 2050126)
(Claim No. 2014031923)

**LOGAN COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Esther Shrum, by Anne L. Wandling, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Logan County Board of Education, by Lindsay G. Smith, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 2, 2015, in which the Board affirmed a December 29, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 12, 2014, decision to reject the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Shrum, a special education teacher for Logan County Board of Education, injured her foot on April 7, 2014, while ascending the stairs at work. Ms. Shrum sought medical treatment on May 5, 2014, at Logan Regional Medical Center. She presented with pain in the right foot and asserted it was difficult for her right foot to bear weight. She had a history of falls in the past. She stated the pain began almost a month ago and was rated as a ten out of ten at its worst. She was examined and assessed with an ankle sprain. She was provided with a stirrup ankle brace and medication. She was discharged and instructed to follow-up with Jamie Hall, D.P.M., in a few days. Attached was the report of a right ankle x-ray, which showed minimal

1

plantar calcaneal spurring. No fracture was identified and there was no apparent acute bony abnormality. A report of injury was filled out and signed. It was noted that she tripped and fell going up stairs on April 7, 2014, at work and injured her right ankle.

On July 17, 2014, Ms. Shrum testified that she is a special education teacher, which requires her to walk from classroom to classroom. She stated her second period class is on the second floor. She was called down to the office on the first floor for training. After the training, she was required to return upstairs to retrieve her iPad and on her way back up she tripped and fell. The assistant principal, Brian Adkins, was notified and an incident report was prepared. She stated that she was not having any problems with her foot before she went to school that day. She asserted that she did not go to the doctor that day because the State Department was coming in that week and she did not want to miss school.

Ms. Shrum testified that she went to the doctor on May 5, 2014, because her foot was not getting any better. She could not put any pressure on it except on the big toe area and was limping around. She stated that she had no other accident or falls between April 7, 2014, and May 5, 2014. Dr. Hall ordered her a walking boot, two different packs of steroids, and a steroid injection in the bottom of her foot. She testified that sixteen years ago she had plantar fasciitis and saw Dr. Avery who gave her an injection at that time and he told her it was the dress shoes not having enough arch support. She stated that at the time of the fall she was wearing low-heel dress shoes.

The Office of Judges determined that Ms. Shrum did not injure herself in the course of and as a result of her employment. The Office of Judges noted that Ms. Shrum did not identify any specific reason why she fell and did not indicate there was a defect in the steps.[1] The Office of Judges found that because Ms. Shrum did not describe anything unusual about the steps that would have put her at any greater risk of injury, her claim was properly denied by the claims administrator. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. The evidence of record does not show that Ms. Shrum was injured in the course of and as a result of her employment. Ms. Shrum waited nearly one month to seek medical attention and when she did seek treatment her symptoms were not attributed to her alleged work injury. Ms. Shrum's symptoms were attributed to plantar fasciitis. Ms. Shrum admitted in her deposition that her pre-existing plantar fasciitis caused her to seek treatment from a podiatrist.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

---

[1] The Office of Judges relied on the precedent in *Ware v. State Workmen's Compensation Commissioner and Brockway Glass Co., Inc.*, 234 S.E.2d 778, 160 W.Va. 382 (1977). This Court finds that the precedent in *Ware* is not directly applicable to the case at bar.

Affirmed.

**ISSUED: August 1, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum