# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LAKE VOLUNTEER FIRE DEPARTMENT, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 16-1221**  (BOR Appeal No. 2051382)
                        (Claim No. 2014029706)

**CAROLYN UNDERWOOD,**
**WIDOW OF GEORGE UNDERWOOD,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner the Lake Volunteer Fire Department, Inc., by T. Jonathan Cook its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. A response was not filed.

The issue presented in the instant appeal is Ms. Underwood's request for dependent's benefits. The claims administrator denied Ms. Underwood's request for dependent's benefits on June 19, 2014. The Office of Judges reversed the claims administrator's decision and granted Ms. Underwood dependent's benefits on June 13, 2016. This appeal arises from the Board of Review's Final Order dated November 21, 2016, in which the Board affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Underwood, who was the fire chief with the Lake Volunteer Fire Department, passed away while responding to a request to unclog a blocked drainage culvert on April 3, 2014. On April 7, 2014, the State Fire Marshal's Office issued a letter to all West Virginia fire departments informing them that the decedent died in the line of duty on April 3, 2014. Correspondence from Joseph Thornton, Cabinet Secretary of the West Virginia Department of

1

Military Affairs and Public Safety, indicates that Ms. Underwood received survivor's benefits following the decedent's death in the line of duty as a firefighter. However, on June 19, 2014, the claims administrator denied Ms. Underwood's request for dependent's benefits based upon its finding that the decedent's death is not attributable to his employment as a volunteer firefighter.

On February 3, 2015, Ms. Underwood was deposed. She acknowledged that the decedent underwent a quintuple coronary artery bypass graft in 2005, and was being medically managed for other chronic medical conditions at the time of his death. Ms. Underwood testified that she did not witness the events leading to her husband's death, but was later informed that her husband's death occurred after he fell head first into a culvert. Additionally, she testified that a representative from the Office of the Governor for the State of West Virginia attended her husband's funeral and presented her with a proclamation stating that Mr. Underwood died while responding to a service call in the line of duty as the fire chief.

Marsha Lee Bailey, M.D., performed a records review on August 19, 2015. She found that the emergency medical service notes contained in the decedent's medical record indicate that after falling into a hole filled with water, the decedent was unconscious and had no pulse. Bystanders initiated cardiopulmonary resuscitation and stated that water and mud were expelled from the decedent's airway. Dr. Bailey then noted that the decedent was transported to Logan Regional Medical Center, where he was pronounced dead. She further noted that the decedent's death certificate listed the cause of death as cardiopulmonary arrest and coronary artery disease. Dr. Bailey opined that the decedent experienced an episode of sudden cardiac death immediately prior to falling into the culvert. She further opined that given his history of severe heart disease, an abnormal heart rhythm, extensive coronary artery disease, renal disease, diabetes, and obesity, the decedent had every known risk factor for a sudden cardiac death.

On November 18, 2015, Chester Ball, Ms. Underwood's brother who was present at the time of the decedent's death, testified via deposition. He testified that the decedent arrived at the home of Dean Ball with the Lake Volunteer Fire Department truck on April 3, 2014, in an attempt to use water pressure from the truck to clear a blocked culvert. He indicated that other individuals present were attempting to use a backhoe to clear the other end of the culvert. Chester testified that the decedent had attached fire hoses to the fire truck and was maneuvering the hoses into position the last time he saw the decedent alive. He stated that he did not witness the decedent fall, but after hearing others present request assistance, he observed the decedent lying face down in the culvert, which was filled with approximately three feet of water. Chester testified that it took approximately two minutes to extract the decedent from the culvert. He then testified that once the decedent was removed from the culvert, he appeared to be conscious but not breathing.

Also on November 18, 2015, Dean Ball, Ms. Underwood's uncle, testified via deposition. He indicated that the events leading to the decedent's death took place at his home. Mr. Ball then testified that he did not observe the decedent during the fifteen minutes before he fell, did not witness the fall itself, and did not realize that the decedent was in peril until after he was removed from the culvert. However, he testified that he does not believe that the decedent had a fire hose with him at the time of the fall.

Nolan Aleshire, Dean Ball's half-brother who was also present at the time of the decedent's death, testified via deposition on November 18, 2015. He testified that while he did not witness the decedent's fall, he did assist in removing the decedent from the culvert. Mr. Aleshire stated that he witnessed the initial attempt at resuscitation, during which a gurgling noise was heard in the decedent's airway.

Additionally, Howard White, who was present at the time of the decedent's death, testified via deposition on November 18, 2015. He stated that he was speaking with the decedent at the time the decedent began pumping water into the culvert, at which time the decedent asked Mr. White to direct traffic. He then testified that the last time he observed the decedent alive, he was standing approximately one foot from the opening of the culvert with a fire hose in his hand. He stated that he did not witness the decedent falling into the culvert, but observed his hand and a portion of his head sticking out of the culvert. Mr. White testified that he was the first person to arrive at the decedent's location, and found the decedent face down in the culvert with his mouth and nose underwater.

Finally, Prasadarao Mukkamala, M.D., performed a records review on May 11, 2016. Dr. Mukkamala opined that the decedent's medical records do not support the conclusion that he died in the course of and resulting from his employment. Specifically, he noted that the decedent suffered from longstanding coronary artery disease, diabetes, and end-stage renal disease. Dr. Mukkamala then opined that the decedent's cause of death was sudden cardiac arrest secondary to longstanding coronary artery disease.

In its Order reversing the June 19, 2014, claims administrator's decision, the Office of Judges held that the evidence of record demonstrates that the decedent died as a result of a compensable injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated November 21, 2016. On appeal, the Lake Volunteer Fire Department asserts that the evidence of record establishes that the decedent died as a result of sudden cardiac arrest, which was unrelated to his employment.

The Office of Judges looked to our decision in *Ware v. State Workmen's Compensation Comm'r,* 234 S.E.2d 778, 160 W.Va. 382 (1997), in which we adopted the position that the effects of idiopathic falls can be held compensable if the employee's employment puts the employee in a position that would increase the risk of injury arising from a fall. The Office of Judges then found that in the instant case, the decedent's employment as the fire chief of the Lake Volunteer Fire Department placed him beside the culvert into which he fell. Further, the Office of Judges found that as a result of the decedent's employment, he was placed into a situation which resulted in his fall into a culvert filled with water and mud, and from which it took several minutes to retrieve him. Additionally, the Office of Judges noted that the decedent's airway was filled with water and debris after the fall, which was removed before resuscitation efforts began. The Office of Judges then found that but for the decedent's employment, the culvert, water, and debris would not have been present. The Office of Judges concluded that it is more likely than not that the decedent's work situation placed him in a position more dangerous

than an average setting, which led to his demise. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4