# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KIRK TRUCKING CO., INC.,**
**Employer Below, Petitioner**

**FILED**
**November 15, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)** **No. 22-ICA-14** (JCN: 2022018910)

**JOSEPH S. MAYNARD,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kirk Trucking Co., Inc. ("Kirk Trucking") appeals the July 6, 2022, Expedited Order of the Workers' Compensation Board of Review ("Board"). Respondent Joseph S. Maynard filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in reversing the claim administrator's order that rejected respondent's claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' briefs, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order holding the claim compensable is appropriate under Rule 21 of the Rules of Appellate Procedure. However, we also remand the case to the Board with directions to issue an order making appropriate findings of fact and conclusions of law that designate the compensable conditions in the claim.

Mr. Maynard fell from a sweeper truck he was driving in the course of his employment at Kirk Trucking on February 3, 2022. Multiple injuries resulted from his accident. Logan Regional Medical Center ("LRMC") provided the initial treatment for Mr. Maynard on the date of the injury. LRMC notes state that Mr. Maynard, who appeared to be mildly confused, fell from a truck and struck his head. After taking x-rays and providing some treatment, the hospital discharged him home. Later that evening, Mr. Maynard's mother and cousin felt he required further treatment and took him to St. Mary's Medical Center ("SMMC").

---

[1] Petitioner is represented by Sean Harter, Esq. Respondent is represented by William B. Gerwig, III, Esq.

1

Treatment providers at SMMC also found that Mr. Maynard was confused and unable to give a history of his injury. Mr. Maynard's mother, who had not been at the job site, reported to the hospital that Mr. Maynard had felt nauseated and opened the door to the truck and fell onto the concrete. After reviewing x-rays, the physicians at SMMC determined that Mr. Maynard required spinal surgery.

Mr. Maynard completed two Employees' and Physicians' Report of Occupational Injury or Disease forms on February 21, 2022, seeking workers' compensation benefits. One form was completed at LRMC where a healthcare provider stated in Section II that Mr. Maynard sustained a seizure and cervical fracture as the result of an occupational injury. On this form, Mr. Maynard reported that he fell out of a sweeper truck on his head and had a seizure. He reported that he could not remember the injury but that "they" (presumably Kirk Trucking) recorded the incident on a camera. On the second form, Section II was completed by a healthcare provider at SMMC. On this form, Mr. Maynard reported that he fell from a sweeper truck and all he could remember was that he was throwing up. The second report listed a large group of conditions that the hospital said resulted from an occupational injury.

Mr. Maynard testified at a deposition on May 24, 2022, that on the morning of February 3, 2022, his stomach hurt some and he was a "little nervous" but he was otherwise fine. He denied having any memory of vomiting and testified that there was no evidence on his clothing of having done so. He had little recollection of the events surrounding the accident. He testified that he awoke on the ground once paramedics were on the scene.

In an affidavit, Justin Kirk, the son of the owner of Kirk Trucking, said he reviewed a thirty-two second video from the mine site. He stated that the video showed Mr. Maynard exiting the driver's side door of the moving truck. Further, he stated that Mr. Maynard's uncle and/or his mother told him that Mr. Maynard stopped the truck to vomit and he fell after he resumed operating the truck. However, Mr. Kirk did not testify that the video showed Mr. Maynard vomiting. Further, no witness with personal knowledge of the event testified that Mr. Maynard opened the door because he needed to vomit or for any other idiopathic reason.

On March 23, 2022, the claim administrator issued an order rejecting Mr. Maynard's claim on the basis that the injury resulted from a non-occupational illness and did not result from his employment. By order dated July 6, 2022, the Board reversed the claim administrator's decision and held the claim compensable.

In support of its holding, the Board cited *Lake Volunteer Fire Department, Inc. v. Underwood*, No. 16-1221, 2017 WL 4512409 (W. Va. Oct. 10, 2017) (memorandum decision), which cited the published decision of *Ware v. State Workmen's Compensation Commissioner*, 160 W. Va. 382, 234 S.E.2d 778 (1977). In *Ware*, the Supreme Court of Appeals of West Virginia held that:

2

> Where a prior disease or condition causes an employee to fall or lose consciousness, and as a result of such fall or loss of consciousness the employee sustains injuries which he probably would not have sustained had the same fall or loss of consciousness occurred away from the hazards of the place of employment, the accident is compensable.

*Id.* at 382, 234 S.E.2d 778, 778, Syl. The Court explained that effects from an employee's idiopathic fall "are compensable if the employment places the employee in a position increasing the dangerous effects of such fall, such as on a height, near machinery or sharp corners, or in a moving vehicle." *Id.* at 384, 234 S.E.2d at 779 (internal citation omitted).

In the present case, neither party cited *Lake* or *Ware* in their filings to the Board. However, the Board felt that these cases were more analogous to the facts in the present case than cases cited by the parties. In its analysis of the issue, the Board found that Mr. Maynard's work from an elevated truck meant that his fall was from at least four feet. Thus, the Board found that his employment placed him at a greater risk of injury making the claim compensable. The Board said that Mr. Maynard's negligence in opening the door to a moving vehicle was of no importance because workers' compensation was a "no-fault system of insurance."

Kirk Trucking appeals the Board's order to this Court. Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), which states, in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

After review, we agree with the Board that the claim is compensable, although for reasons different than those cited by the Board. *See* Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965) (an appellate court may affirm on any legal ground disclosed by the record). We believe that the compensability of the claim was not properly based upon an

3

analysis of an increased risk by virtue of the height of the truck, but was, instead, a straightforward occupational injury claim. Analysis of increased risk is only necessary if or when a preexisting disease or condition directly causes a fall, loss of consciousness, or some other injury mechanism, which was not the case herein.

Unlike *Lake*, where there was evidence that the claimant fell after suffering a heart attack,[2] and *Ware*, where the claimant may have fallen due to dizziness,[3] the evidence offered in this case did not prove that Mr. Maynard's injury was the result of a non-occupational idiopathic condition. Mr. Maynard's sworn testimony rebutted the suggestion that a non-occupational illness caused him to open the truck door, and the Board did not make a specific finding of any non-occupational reason why he opened the door. Importantly, the Supreme Court of Appeals of West Virginia has recognized that "[a] claimant in a workmen's compensation case must bear the burden of proving his claim but in doing so it is not necessary to prove to the exclusion of all else the causal connection between the injury and employment." Syl. Pt. 2, *Moore v. ICG Tygart Valley, LLC*, No. 20-0028, 2022 WL 1262269, at *1 (W. Va. April 28, 2022), *citing* Syl. Pt. 2, *Sowder v. State Workmen's Comp. Comm'r*, 155 W. Va. 889, 189 S.E.2d 674 (1972).

Instead of being an increased risk case under *Ware*, the instant case is a straightforward occupational injury claim. Mr. Maynard established that he was injured in the course of, and as a result of, his covered employment when he fell from the truck. Accordingly, pursuant to West Virginia Code § 23-4-1 (2021), he is entitled to benefits. *See* Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970) ("In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment.").

Mr. Maynard's injuries that resulted from his decision to open the truck door are compensable, even if his action was negligent or a poor decision. The Supreme Court of Appeals of West Virginia has long recognized that West Virginia's "workers' compensation system is supposed to benefit injured workers by providing benefits and full compensation through a basic 'no-fault' system" and "to protect employers 'from the financial consequences of civil liability to injured employees.'" *Miller v. City Hosp., Inc.*, 197 W. Va. 403, 407, 475 S.E.2d 495, 499 (1996) (internal citations omitted). Further, the Court has reasoned that the benefits of the workers' compensation system "accrue both to the employer, who is relieved from common-law tort liability for negligently inflicted injuries, and to the employee, who is assured prompt payment of benefits." *Meadows v. Lewis*, 172 W. Va. 457, 469, 207 S.E.2d 625, 638 (1983). With this in mind, we

---

[2] *Lake Vol. Fire Dept.*, 2017 WL 4512409, at *1.

[3] *Ware*, 160 W. Va. at 383, 234 S.E.2d at 778-79.

4

acknowledge that an employee's own negligence in causing his or her allegedly compensable injury (not including situations where the employee intentionally caused his or her own injury) is not a factor in determining the employee's ability to receive workers' compensation benefits.

Although the claim is compensable, our review of the Board's order reveals that there are no findings of fact or conclusions of law addressing which of Mr. Maynard's conditions are compensable. When possible, it is preferable to designate the compensable conditions when a claim is ruled compensable. *See, e.g., Putnam Cnty. Bd. of Educ. v. Woodard*, No. 20-0852, 2022 WL 855691, *2 (W. Va. Mar. 23, 2022) (Court affirmed Board of Review's decision that found compensable injury was sustained and remanded claim with instructions for claim administrator to issue order "setting forth the compensable condition or conditions"). This practice assists treatment providers in knowing which conditions are covered in the claim and it will assist in the general administration of the claim. *See, e.g.*, *Jones v. W. Va. Off. of Ins. Comm'r*, No. 14-0179, 2015 WL 4168366, *3 (W. Va. July 9, 2015) (Court agreed with Board of Review that compensability of condition must be addressed before treatment could be authorized).

Accordingly, the claim is remanded to the Board with directions to issue an order making appropriate findings of fact and conclusions of law that designate the compensable conditions in the claim. If it is not possible to do so based upon the record, the Board may remand the claim to the claim administrator for a determination of the compensable conditions.

Affirmed and Remanded with Directions.

**ISSUED:** November 15, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen