## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BOB EVANS FARMS, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 21-0509** (BOR Appeal No. 2055980)
                        (Claim No. 2019024709)

**KIMBERLY M. WOOLFORD,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bob Evans Farms, Inc., by Counsel Jane Ann Pancake and Jeffrey B. Brannon, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Kimberly M. Woolford, by Counsel T. Colin Greene, filed a timely response.

The issues on appeal are compensability and medical benefits. The claims administrator rejected the claim on June 6, 2019. In a separate decision that day, the claims administrator also denied a request for an orthopedic referral. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the compensability decision in its November 18, 2020, Order, and dismissed the request for an orthopedic referral as moot. In a May 24, 2021, decision, the Board of Review reversed the November 18, 2020, Office of Judges Order, held the claim compensable, granted the request for an orthopedic referral, and remanded the case for additional evidence, as well as an Order stating the compensable diagnosis.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-15, in relevant part, as follows:

(c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

(e) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Woolford, a waitress, injured her right knee in the course of her employment on May 26, 2019. She sought treatment that day from L. Hiles, M.D., at MedExpress. Dr. Hiles noted that Ms. Woolford injured her right knee that morning when she got dizzy and lost her footing at work, falling on her right knee. Ms. Woolford was diagnosed with right knee pain and referred to an orthopedist. It was noted that x-ray was not available that day. Ms. Woolford was taken off of work.

The Employees' and Physicians' Report of Injury, completed May 29, 2019, indicates Ms. Woolford injured her right knee when she became dizzy at work and lost her footing. The physician's section was completed at MedExpress and indicates Ms. Woolford sustained an occupational right knee injury. A Workplace Injury Triage and Employer's Report of Injury was also completed that day and indicates Ms. Woolford was employed as a part-time server. She injured her right knee that day while walking between the kitchen prep and breakroom. Ms. Woolford reported that she got dizzy and lost her footing. Ms. Woolford attributed the dizziness to being overheated because the air conditioner was not properly working that day. The claims administrator rejected the claim on June 6, 2019. In a separate decision that day, the claims administrator denied a request for an orthopedic referral.

Ms. Woolford testified in an October 23, 2019, deposition that she had no preexisting health issues. She stated that she injured her right knee at work on May 26, 2019, when she fell while walking to the breakroom. Ms. Woolford asserted that she became overheated, got dizzy, and fell on her right knee. The air conditioning system was malfunctioning that day. Ms. Woolford stated that May 26, 2019, was a warm day, and she denied ever having experienced dizziness in the past. Ms. Woolford stated that when she initially sought treatment at MedExpress, the x-ray machine was not working. When she was treated at the hospital, an x-ray showed a fractured knee.

Ms. Woolford sought treatment from an orthopedist, Dr. Wright, who ordered an MRI. The MRI showed that Ms. Woolford's right knee was broken with fragments. Dr. Wright recommended physical therapy, which Ms. Woolford could not afford. Ms. Woolford admitted that she was diabetic and took two medications for the condition.

In its November 18, 2020, Order, the Office of Judges affirmed the claims administrator's rejection of the claim and dismissed the request for an orthopedic referral as moot. The Office of Judges found that there were no witnesses to the alleged injury. Ms. Woolford did not slip or trip. Instead, she became overheated due to a malfunctioning air conditioner, got dizzy, and fell. The Office of Judges found that the record shows the incident happened at 7:15 a.m. in late May. The Office of Judges concluded that May 26 would be a day in late spring and the incident happened before the heat of the day would be anticipated. Ms. Woolford did not allege that the heat resulted from the kitchen. Further, there was no testimony from Ms. Woolford's coworkers regarding the temperature in the building. The Office of Judges found that Ms. Woolford failed to show that she became dizzy and fell as a result of being overheated and it was just as likely that she became dizzy for an idiopathic reason. The Office of Judges found no indication that when Ms. Woolford hit the floor that there was anything unique about the employer's floor which would present an unusual risk of injury. The Office of Judges noted this Court's past decisions establish that an injury is not compensable merely because it happens on the employer's property, such injury must also be the result of Ms. Woolford's employment.[1] The Office of Judges concluded that Ms. Woolford's assertion that she fell and injured her right knee due to being overheated was not persuasive. Therefore, the rejection of the claim was affirmed, and the request for medical treatment was dismissed as moot.

On May 24, 2021, the Board of Review reversed the Office of Judges' Order, held the claim compensable, granted the requested treatment, and remanded the case for additional medical evidence as well as an Order listing the compensable conditions. The Board of Review found that the Office of Judges took judicial notice that May 26 would be a day in late springtime and that the incident occurred before the heat of the day would have arrived. The Office of Judges concluded that Ms. Woolford could have become dizzy due to an idiopathic reason. The Board of Review concluded that the Office of Judges' findings were speculative. There was no evidence submitted to refute Ms. Woolford's testimony that she became overheated due to a malfunctioning air conditioner, got dizzy, and fell on her right knee. The Board of Review noted that a Medcor Workplace Injury Triage & Reporting from stated the same. Further, the physician who completed the Report of Injury diagnosed a work-related right knee injury. The Board of Review concluded that the claim was compensable, authorized the requested treatment, and remanded the case for additional evidence and an Order listing the compensable diagnosis.

After review, we agree with the reasoning and conclusions of the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp.*

---

[1] *See Stone v. W. Va. Office of Insurance Commissioner*, No. 10-1386, 2012 WL 2924144 (Feb. 22, 2012) (memorandum decision) and *Ware v. State Workmen's Compensation Commissioner,* 160 W. Va. 382, 234 S.E.2d 778 (1977).

*Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). The evidence shows that Ms. Woolford fell and injured her right knee at work due to becoming overheated because the air conditioner was malfunctioning. The employer submitted no evidence refuting Ms. Woolford's testimony and the Report of Injury, which states she sustained an occupational right knee injury. West Virginia Code § 23-4-3(a)(1) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. The requested referral to an orthopedist is both reasonable and necessary.

Affirmed.

**ISSUED: January 19, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4